IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARIO DE'ANGELO IRIZARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00222 |
| ) | Judge Trauger |
| BUCKY ROWLAND, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Mario Irizarry, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a pro se Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1), a motion to appoint counsel (Doc. No. 2), and two applications for leave to proceed in forma pauperis (IFP). (Doc. Nos. 7 and 9.) On June 2, 2022, the court granted the plaintiff's request for an additional 30 days in which to file an Amended Complaint and the six-month account statement required to support his request for pauper status. (Doc. No. 10.) The plaintiff timely filed both documents. (Doc. Nos. 11 and 12.)

The case is before the court for ruling on the plaintiff's IFP applications and motion for counsel, and for initial review of his Amended Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. APPLICATION TO PROCEED AS A PAUPER**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in

advance, the court **GRANTS** his second application (Doc. No. 9) to proceed IFP in this matter. The plaintiff's first application (Doc. No. 7) is **DENIED** as moot.

## II. INITIAL REVIEW

**A. Legal Standard**

The court must conduct an initial review and dismiss the Amended Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. To determine whether the Amended Complaint states a plausible claim, the court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a viable Section 1983 claim, the plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Plaintiff's Allegations**

The plaintiff alleges that, while in pretrial detention at the Maury County Jail, he attended a November 4, 2020 hearing on his then-pending criminal charges in Maury County Criminal Court. (Doc. No. 11 at 9.) During that hearing, "the plaintiff began to yawn" and "his mandible came unhinged on both sides of his skull at the joint," causing a tremendous amount of pain. (*Id.*) The judge ordered that he be returned to the Jail so he could receive medical attention; fifteen minutes later, the plaintiff arrived at the Jail and was escorted directly to the clinic. (*Id.* at 9–10.) The plaintiff was able to tell the nurse "that he was in terrible pain, that his jaw wouldn't close and that he couldn't talk," and he was able to communicate in writing his belief that "he may be suffering from an adverse reaction to his medication, Haldol, which is notorious for 'locking' peoples' muscles, placing them in a catatonic state." (*Id.* at 10.) The nurse administered a shot of Benadryl but did not offer any pain medication or a referral to further medical care. (*Id.*)

The lack of adequate treatment for the plaintiff's pain, inattention to the effects of his jaw injury on his ability to chew solid food, and failure to pursue an appropriate remedy for his condition persisted throughout his time at the Jail (*see id.* at 10–19), which came to an end after he was convicted via guilty plea on February 3, 2021, and transferred, within the month, to classification in the Tennessee Department of Correction (TDOC). (*Id.* at 20–21.)[1] After arriving at state prison, the plaintiff was quickly referred to oral surgery and underwent a procedure in

---

[1] Though one page of the Amended Complaint refers to the operative dates as between "the time that [defendants] became aware of the plaintiff's injuries on November 4, 202<u>1</u>, until the plaintiff was ultimately convicted and transferred to classification in February, 202<u>2</u>" (Doc. No. 11 at 21 (underscores added)), it is clear that the operative dates were from November 2020 until February 2021, as earlier referenced in the Amended Complaint. (*Id.* at 7–9, 20; *see also* Doc. No. 1, Original Complaint at 7.) For these purposes the court takes judicial notice of the online Tennessee Felony Offender Information Lookup, https://foil.app.tn.gov/foil/details.jsp (last visited July 20, 2022), which identifies "Mariio" Irizarry ("TDOC ID: 00627126") as having a "Sentence Imposed Date" of February 3, 2021, and includes a TDOC booking photo dated March 2, 2021.

3

which "the two pseudo-joints that had developed on both sides of the plaintiff's skull had to be grinded down before his jaw could be reattached properly." (*Id.* at 23.)[2] After surgery the plaintiff was left with nerve damage resulting in residual numbness in some areas of his face and pain in other areas. (*Id.*)

Claiming violations of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution, as well as gross negligence and state law violations under Tenn. Code Ann. §§ 41-4-109, -115, -116, and -118 (*id.* at 22–35), the plaintiff summarizes his Amended Complaint as follows:

> . . . Maury County Jail officials and those responsible for the care of pre-trial detainees within its custody and control allowed the plaintiff's visibly-swollen, detached jaw to go untreated during the entire time he was incarcerated within the jail despite his repeated requests and pleas for medical assistance and treatment during that three (3) month period. Officials did not provide him reasonable medical treatment for his condition, or food that he could eat commensurate with his injury, but instead, mocked him, derided him, threatened him, ignored him, punished him and disregarded his personal safety by placing him in the cell with a known rival while he was injured. In addition, these officials were grossly negligent in their duties which they owed to the plaintiff under Tennessee state law.

(*Id.* at 1–2.) As relief, he seeks an award of compensatory and punitive damages. (*Id.* at 35–38.)

**C. Analysis**

Presuming the truth of the plaintiff's allegations, he appears to have suffered greatly as the result of an extremely unfortunate injury that occurred on November 4, 2020. His lawsuit concerns the adequacy of medical treatment and other accommodations he received at the Jail in the aftermath of that injury, beginning November 4, 2020 and ending in February of 2021. The lawsuit was not filed, however, until March of 2022.

---

[2] In his original complaint, the plaintiff reported that this surgery took place "at the end of March 2021." (Doc. No. 1 at 8.)

Although the statute of limitations is an affirmative defense, district courts may apply it *sua sponte* on initial review where the defense obviously applies. *Comer v. Transit Auth. of N. Kentucky*, No. 2:20-CV-00084-GFVT, 2020 WL 3719818, at *2 (E.D. Ky. July 6, 2020) (citing, *e.g.*, *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense[.]"); *Franklin v. Fisher*, No. 16-6464, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017) (finding that dismissal at PLRA screening for failure to state a claim was proper because complaint's untimeliness was "obvious from the face of [the] complaint")). The limitations period that applies to actions arising in Tennessee under Section 1983 or other federal civil rights statutes is one year, based on the applicable statute of limitations supplied by state law, Tenn. Code Ann. § 28-3-104(a)(1).[3] *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021). "In actions brought under § 1983, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). In the case of denial-of-medical-care claims, this accrual date is "the date [the inmate] was denied medical care, . . . even though the full extent of his injury was not known until later." *Hermansen v. Schickel*, 202 F.3d 268 (Table), 1999 WL 1282438, at *1 (6th Cir. Dec. 27, 1999) (citing *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir. 1986)).

The plaintiff did not commence this action until March 22, 2022—the date he signed the original complaint and declared under penalty of perjury that he delivered it to prison officials for

---

[3] This limitations period also applies to actions arising in Tennessee under 42 U.S.C. §§ 1985 and 1986, *Parks v. Lyash*, No. 119CV00349MFLCHS, 2021 WL 4854277, at *3 (E.D. Tenn. June 2, 2021) (citing *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997)), statutes which the plaintiff cites in his jurisdictional statement. (Doc. No. 11 at 2.) 42 U.S.C. § 1988, which the plaintiff also cites, does not create a cause of action. *Moor v. County of Alameda*, 411 U.S. 693, 702 (1973).

mailing. (*See* Doc. No. 1 at 9, 11); *Cretacci v. Call*, 988 F.3d 860, 865 (6th Cir.), *reh'g denied* (Mar. 17, 2021) (complaints "from pro se prisoners are considered filed when the prisoner delivers [them] to prison authorities for mailing") (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988), and *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002)). The face of the Amended Complaint reveals that, between the beginning of November 2020 and the end of February 2021, the plaintiff suffered the violations he alleges at the Maury County Jail, pursued multiple grievances before Jail authorities, and was transferred from the Jail to state custody—all more than one year prior to commencing this action. Even under the most favorable application of the statute of limitations, where the limitations period is deemed to run from the last day the plaintiff spent at the Jail, it would have expired prior to March 22, 2022. *Cf. Hermansen*, 1999 WL 1282438, at *1 ("Because Hermansen's allegations of deliberate indifference occurred during his detention at the Boone County Jail, Hermansen clearly knew of his injuries by the time of his transfer on July 22, 1997, and he had—at the latest—until July 22, 1998, to file his complaint. Hermansen did not file his complaint by July 22, 1998, but waited three weeks afterward to do so. Thus, the limitations period had expired."). In short, because no misconduct by any defendant is alleged to have occurred within a year of this case's filing, the plaintiff's claims under Section 1983 are time-barred.

Because no viable federal claims remain, the Amended Complaint will be dismissed. The court declines to retain jurisdiction over plaintiff's supplemental state law claims, which will be dismissed without prejudice to the plaintiff's ability to pursue them in state court. The court makes no findings regarding the merit or timeliness of such claims under state law.

### III. CONCLUSION

As explained above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. The dismissal of the plaintiff's state law

claims is without prejudice to his ability to pursue them in state court. In light of this dismissal, the plaintiff's motion to appoint counsel (Doc. No. 2) is **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge