IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIO DE'ANGELO IRIZARRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-00222 |
| | ) | Judge Trauger |
| BUCKY ROWLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

State inmate Mario Irizarry filed this action pro se on March 22, 2022, asserting claims against Maury County officials based on the withholding of appropriate medical care for a detached jaw while he was in pretrial detention at the Maury County Jail from November 2020 to February 2021. (*See* Doc. Nos. 1, 11.) Upon initial screening under the Prison Litigation Reform Act (PLRA), the court dismissed the case for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), "because no misconduct by any defendant is alleged to have occurred within a year of this case's filing [and] the plaintiff's claims under Section 1983 are [therefore] time-barred" by the applicable one-year statute of limitations. (Doc. No. 13 at 6.) The judgment of dismissal entered on July 26, 2022. (Doc. No. 14.)

On August 10, 2022, the plaintiff filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60 (Doc. No. 15), on grounds that the court "did not properly weigh the plaintiff's claims as having ceased to accrue on the date that he received treatment for his injuries," which was April 16, 2021, the date of his corrective jaw surgery. (*See id.* at 1; Doc. No. 16.) The plaintiff contends that the court mistakenly failed to apply the continuing violation doctrine in this

case, under which he claims an extended date of accrual up to and including the date of his surgery, which was within a year of the filing of this action. (*See* Doc. No. 15 at 1–5.)

A motion under Rule 60(b) is not a substitute for appeal of the court's decision, *e.g.*, *Rosenberg v. City of Kalamazoo*, 3 F. App'x 435, 436 (6th Cir. 2001), but allows for relief from a judgment on certain enumerated grounds. As pertinent here, the rule provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). The court in appropriate circumstances may grant such relief if it has mistakenly applied the law, and if relief from judgment is sought "within the normal time for taking an appeal." *Daniel v. DTE Energy Co.*, 592 F. App'x 489, 490 (6th Cir. 2015) (quoting *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983)). Rule 4 of the Federal Rules of Appellate Procedure allows 30 days to file a notice of appeal in a case such as this, Fed. R. App. P. 4(a)(1)(A), and the plaintiff's Rule 60 motion was filed less than thirty days after judgment entered. Accordingly, the motion is timely and procedurally proper under Rule 60(b)(1).

Substantively, however, the plaintiff's motion misses its mark. It charges this court with mistakenly failing to apply the federal common law governing accrual of his cause of action under 42 U.S.C. § 1983, and failing to realize that, under that law, the violation of his right to adequate medical care encompassed the time from the date he first realized he had been harmed in county jail until the date that the necessary care was ultimately provided via the state prison. But the court explicitly relied on Sixth Circuit authority governing accrual of a cause of action, finding that the accrual date was the date "when the plaintiff knows or has reason to know of the injury that is the basis of his action," i.e., "the date [he] was denied medical care, . . . even though the full extent of his injury was not known until later." (Doc. No. 13 at 5 (quoting *Scott v. Ambani*, 577 F.3d 642,

646 (6th Cir. 2009), and *Hermansen v. Schickel*, 202 F.3d 268 (Table), 1999 WL 1282438, at *1 (6th Cir. Dec. 27, 1999).) The court further found that "[e]ven under the most favorable application" of the accrual rules, "where the limitations period is deemed to run from the last day the plaintiff spent at the Jail, it would have expired prior to March 22, 2022," the date the complaint was filed.[1] (*Id.* at 6.)

What was implicit in the court's dismissal order is made explicit in the cases cited in the plaintiff's own motion: the last possible date on which any Maury County defendant could have harmed the plaintiff by denying him medical care is the date when the plaintiff was last in Maury County's custody or control. The Rule 60(b) motion contains the following quotations that illustrate the point: "an Eighth Amendment violation arising out of a defendant's deliberate indifference to a prisoner's serious medical needs is a continuing violation, and thus can accrue for as long as a defendant knows about a prisoner's serious medical condition, <u>has the power to provide treatment</u>, and yet withholds treatment" (Doc. No. 15 at 2–3 (emphasis added)); "[d]eliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided <u>or the inmate is released</u>." (*Id.* at 3 (emphasis in original)) (quoting *Wilson v. Groze*, 800 F. Supp. 2d 949, 955 (N.D. Ill. 2011), and *Jervis v. Mitcheff*, 258 Fed. Appx. 3, 5–6 (7th Cir. 2007)). After the plaintiff's release from the Maury County Jail into state custody, when the Maury County defendants no longer had the power to provide treatment, any "continuing ill effects" from their conduct that lingered until state officials referred him to surgery on April 16, 2021 "do not make out a continuing violation" of his rights by those defendants. *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 637 (6th Cir. 2007). Even if each day that the plaintiff was

---

[1] The court determined this date of filing in its prior order, applying the prison mailbox rule. (*See* Doc. No. 13 at 5–6.)

denied adequate medical treatment by the defendants marked the beginning of a one-year limitations period, no such period could have begun any later than the plaintiff's last day in Maury County custody, which was in February 2021. (*See* Doc. No. 15 at 2.) Regardless of the favorable construction owed to pro se pleadings, the court cannot find that this action was timely filed within a year of that date.

The plaintiff additionally argues that the defendants should not get "a free pass" for their misconduct just because he pled guilty, which he did in order to be transferred to state custody where his desperate need for medical treatment could be addressed. (*See* Doc. No. 15 at 5.) He argues that his decision to remove himself from pretrial detention in Maury County by signing a plea agreement—which he claims is "comparable to signing up for sick call"—should not be regarded as capitulating to the defendants' non-treatment of his injury and thereby absolving them of liability. (*See id.* at 5–6.) But regardless of the plaintiff's motives for pleading guilty, the court cannot pause or extend the statute of limitations based on such factors.

To the extent that this argument could be construed as seeking to equitably toll the statute's running or to equitably estop the defendants from relying on it, such equitable doctrines are borrowed from state law along with the state statute of limitations applicable in Section 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). But the Tennessee Supreme Court has "consistently declined to recognize the doctrine of equitable tolling in civil proceedings." *Whitehead v. State*, 402 S. W. 3d 615, 626 (Tenn. 2013). And even in criminal or related post-conviction proceedings, equitable relief from the statute of limitations is available only "sparingly, . . . where failure to invoke the principles of equity would lead to unacceptably unjust outcomes." *Id.* at 626–27. Typically, the need for such relief is only triggered where the action's timely filing is prevented by "affirmative steps or action on the part of a defendant," *Egerer v. Woodland Realty, Inc.*, 556

4

F.3d 415, 425 (6th Cir. 2009), such as where the defendant has "misled the plaintiff into failing to file [his] action within the statutory period of limitations." *Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 762 (M.D. Tenn. 2019) (quoting *Norton v. Everhart*, 895 S.W.2d 317, 321 (Tenn. 1995)). No such circumstances are alleged in the case before this court.

For the reasons given above, the court finds the plaintiff's arguments to be without merit. Accordingly, the Rule 60(b) motion for relief from judgment (Doc. No. 15) is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge